**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | Case No.: |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ▮▮▮▮▮▮▮▮▮▮ **REDACTED PUBLIC VERSION** |
| Defendants. | |

## COMPLAINT

Plaintiff Roadget Business Pte. Ltd. ("Roadget"), for its complaint and prayer for injunctive relief against the parties identified on **Schedule A** attached hereto ("Defendants"), states as follows:

## INTRODUCTION

1.     Plaintiff Roadget owns the enormously popular SHEIN online fashion and lifestyle retailer. (*See* http://us.shein.com/.) SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Defendants are online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling clothing using SHEIN's original, copyrighted works. They may be using more than one alias at a time to conceal their identities and the full scope of their operation.

1

2.      Roadget is forced to file this action to combat Defendants' infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Roadget has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

## THE PARTIES

3.      Plaintiff Roadget Business Pte. Ltd. is a private limited company with its principal place of business in Singapore. Roadget owns the famous SHEIN trademark and online fashion and lifestyle retailer.

4.      Defendants are business entities who reside mainly in foreign jurisdictions. Defendants operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendants conduct business in the United States and have sold products to United States consumers, including in Illinois and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

6.      This Court has personal jurisdiction over Defendants because Defendants target business activities toward consumers in the United States, including Illinois. Defendants sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. Defendants have sold and continue to sell apparel using unauthorized copies of Roadget's copyrighted works to residents of Illinois. Defendants have wrongfully injured Roadget in the state of Illinois.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendants reside or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). Defendants are not residents of the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## **BACKGROUND**

**Plaintiff's Copyrighted Works**

8.      Roadget is a private limited company registered in Singapore. Its SHEIN trademarks are used to sell a wide variety of products worldwide. In the United States, Roadget's affiliate and licensee, Shein Distribution Corporation ("SDC"), sells apparel, beauty products, home goods, pet supplies, and a variety of other products through Roadget's mobile application and its website, https://us.shein.com.

9.      The SHEIN brand has skyrocketed in popularity over the last several years, becoming one of the most visited fashion sites in the world and most talked-about brands on TikTok and other social media.

10.     SHEIN was an early adopter of social media marketing. The SHEIN App became the most downloaded shopping app on Apple's App Store in 2021. The following year, it attained the top spot as the most downloaded application in *any category*, outperforming both TikTok and Instagram. In addition to its total of over 60 million followers on social media, it became the most talked-about brand on TikTok in 2022. Social media influencers' "SHEIN haul" videos displaying their purchases regularly go viral.

11.     Through the SHEIN brand, Roadget has invested significant resources in building goodwill and brand recognition on social media. It has made a name among regular shoppers. And it has registered various copyrights to protect its original designs and photographs.

12.     Roadget is the registered owner of the 20 photographs at issue here (the "Roadget Copyrights"). The registration certificates are attached as Exhibit 1.[1] As reflected on those certificates, Roadget is the copyright owner, and the copyrights are valid and enforceable. Roadget received all rights to the Roadget Copyrights from its subsidiary Guangzhou Shein International Import & Export Co. Ltd through a single Deed of Assignment on July 13, 2023. The Roadget Copyrights are depicted in the table at ¶ 25.

13.     Each of the Roadget Copyrights is included in product listings on the SHEIN website and/or app. An exemplary SHEIN product listing for each photograph is provided in the following table.

| Registration No. | SHEIN Product Listing URL |
|---|---|
| | |

| Registration No. | SHEIN Product Listing URL |
|---|---|



**Defendants' Unlawful Conduct**

14.     Defendants are online sellers on the e-commerce platform ▮▮▮. Defendants have deliberately and unlawfully copied, displayed, and sold various items of apparel using images identical or virtually identical to the Roadget Copyrights. The success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of the Roadget Copyrights. Defendants are among such sellers.

15.     Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel using the Roadget Copyrights in the United States without authorization. Defendants' conduct infringes the Roadget Copyrights and irreparably harms Roadget.

16.     The Defendants identified in this Complaint are a small subset of a broad campaign of widespread infringement by ███████ targeting Roadget's SHEIN brand. The infringement of Roadget's copyrights on ██████ website is widespread: to date, Roadget has identified *over two hundred* infringing product listings by ███████. Sellers █████ compete directly with SHEIN, with consumers choosing between them as alternatives. Defendants take advantage of that fact to divert consumers away from SHEIN using copycat product listings. The more infringers there are, the more difficult it is for Roadget to do anything to stop them, so that each new seller benefits from the conduct of the group as a whole.

17.     On information and belief, Defendants' conduct is coordinated in ways usually not seen in Schedule A litigation. ██████ exercises considerable control over the sellers on its platform, dictating aspects of their product listings, including the prices and item descriptions.

18.     ████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
█████████████████████████████

## COUNT I
## Copyright Infringement (17 U.S.C. §§ 106 and 501) Against Schedule A Defendants

19.     Roadget incorporates each of the preceding paragraphs as if fully set forth herein.

20.     The Roadget Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 *et seq*.

21.     Roadget's copyright registrations for the Roadget Copyrights are valid and in full force and effect. At all relevant times, Roadget has owned and still owns all exclusive rights in the Roadget Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies.

22.     Roadget has never assigned or licensed the rights to the Roadget Copyrights to any party unaffiliated with Roadget itself. In particular, Roadget has never granted any license or rights in the Roadget Copyrights to Defendants.

23.     Defendants have deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Roadget Copyrights in violation of Roadget's copyrights.

24.     Defendants had access to the Roadget Copyrights via the Internet, where the photographs are used to sell SHEIN products that SDC (a Roadget-affiliated company) sells online.

25.     Defendants' photographs are strikingly similar—in many cases virtually identical—to the Roadget Copyrights. Examples of Roadget's original photographs are reproduced below alongside examples of copies found in Defendants' web stores.

| Reg. No. | Original Work | Copied Work |
|---|---|---|

| Reg. No. | Original Work | Copied Work |
|---|---|---|
| | | |

| Reg. No. | Original Work | Copied Work |
|---|---|---|
| | | |

| Reg. No. | Original Work | Copied Work |
|---|---|---|



| Reg. No. | Original Work | Copied Work |
|----------|---------------|-------------|



| Reg. No. | Original Work | Copied Work |
|---|---|---|



| Reg. No. | Original Work | Copied Work |
|---|---|---|
| | | |



| Reg. No. | Original Work | Copied Work |
|---|---|---|



| Reg. No. | Original Work | Copied Work |
|---|---|---|



| Reg. No. | Original Work | Copied Work |
|---|---|---|



26.     The side-by-side comparisons above demonstrate the deliberate copying that Defendants have engaged in to take advantage of Roadget's intellectual property in pursuit of Defendants' own sales. By virtually exactly copying photographs they knew they did not own,

Defendants recklessly disregarded Roadget's rights as the copyright owner. Defendants' actions thus constitute willful copyright infringement in violation of 17 U.S.C. §§ 106, 501(a) and 504(c)(2).

27.     Defendants reap the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied photographs.

28.     Pursuant to 17 U.S.C. § 504, Roadget is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as all available statutory damages, enhanced for Defendants' willful infringement.

29.     Defendants have caused, and if not enjoined will continue to cause, Roadget irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Roadget prays for the following relief:

1.     Judgment in favor of Roadget.

2.     Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

    a.     reproducing, distributing copies of, making derivative works of, or publicly displaying the Roadget Copyrights in any manner without Roadget's express authorization;

    b.     manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Roadget which bear the Roadget Copyrights.

3.      Entry of an Order that, upon Roadget's request, those with notice of the injunction shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Roadget Copyrights.

4.      Compensatory damages, as well as disgorgement of Defendants' profits.

5.      Alternatively, where available, Roadget prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c).

6.      Pre-and post-judgment interest and attorney's fees and costs.

7.      All other and further relief as is just, equitable, and proper.

August 8, 2024                          Respectfully submitted,


                                        By: */s/ Taylor N. Mullaney*
                                         Taylor N. Mullaney
                                         taylormullaney@quinnemanuel.com
                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
                                         191 N. Wacker Dr., Suite 2700
                                         Chicago, IL 60606
                                         (312) 705-7400

                                         Kevin B. Collins
                                         kcollins@cov.com
                                         Yuval Mor (*pro hac vice* forthcoming)
                                         ymor@cov.com
                                         COVINGTON & BURLING LLP
                                         One CityCenter
                                         850 Tenth St., NW
                                         Washington, DC 20001
                                         (202) 662-6000

                                         Jonathan M. Sperling (*pro hac vice*
                                         forthcoming)
                                         jsperling@cov.com
                                         Phillip A. Hill (*pro hac vice* forthcoming)
                                         pahill@cov.com
                                         Sara Dennis (*pro hac vice* forthcoming)
                                         sdennis@cov.com
                                         COVINGTON & BURLING LLP
                                         The New York Times Building
                                         620 Eighth Avenue
                                         New York, NY 10018-1405
                                         (212) 841-1000

                                         *Counsel for Plaintiff*
                                         *Roadget Business Pte. Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | Case No.: |
| Plaintiff, | |
| vs. | **FILED UNDER SEAL** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | |
| Defendants | |

**<u>SEALED SCHEDULE A TO SEALED COMPLAINT</u>**

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|---|---|---|---|---|

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|----------------------|-----------------|
| | | | | |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|----------------------|-----------------|
| | | | | |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|----------------------|-----------------|
| | | | | |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|----------------------|-----------------|
|     |                  |                              |                      |                 |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|----------------------|-----------------|
| | | | | |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|----------------------|-----------------|
|     |                  |                              |                      |                 |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|---------------------|-----------------|
|     |                  |                              |                     |                 |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|------------------|------------------------------|----------------------|-----------------|
|     |                  |                              |                      |                 |

| No. | Defendant Seller | Defendant Online Marketplace | Photograph Infringed | Product Link(s) |
|-----|-----------------|------------------------------|---------------------|-----------------|
| | | | | |